LINN, Circuit Judge,
concurring.
While I concur both in the conclusion reached and the reasoning expressed in Judge Dyk’s opinion for the Court, I write to address concerns raised following the Supreme Court’s decision in KSR International Co. v. Teleflex, Inc., 550 U.S. 398, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007) with respect to general verdicts relating to obviousness.
It is well established that whether an invention would have been obvious at the time the invention was made is a mixed question of law and fact. See, e.g., Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd., 492 F.3d 1350, 1355 (Fed.Cir.2007). The ultimate determination of obviousness is a question of law, which we review de novo. Id. This determination is based on the underlying factual determinations set forth in Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), which we review for clear error. Id.
In KSR, the Supreme Court confirmed that “[t]he ultimate judgment of obviousness is a legal determination.” 550 U.S. at 427, 127 S.Ct. 1727. This acknowledgement did not change longstanding precedent permitting the submission of obviousness questions to a jury for a general verdict, provided the jury has received proper instruction on the law. As stated by this Court in Connell v. Sears, Roebuck & Co.:
[I]t is not error to submit the question of obviousness to the jury. No warrant appears for distinguishing the submission of legal questions to a jury in patent cases from such submissions routinely made in other types of cases. So long as the Seventh Amendment stands, the right to a jury trial should not be rationed, nor should particular issues in particular types of cases be treated differently from similar issues in other types of cases. Scholarly disputes over use of jury trials in technically complex cases relate to the right to trial by jury itself, and center on whether lay juries are capable of making correct fact determinations, not over the propriety of submitting legal questions to juries. The obviousness issue may be in some cases complex and complicated, on both fact and law, but no more so than equally complicated, even technological, issues in product liability, medical injury, antitrust, and similar cases. Indeed, though the analogy like most is not perfect, the role of the jury in determining obviousness is not unlike its role in reaching a legal conclusion respecting negligence, putting itself in the shoes of one “skilled in the art” at the time the invention was made in the former and in the shoes of a “reasonable person” at the time of the events giving rise to the suit in the latter.
722 F.2d 1542, 1547 (Fed.Cir.1983); see also Harbor Tug & Barge Co. v. Papai, 520 U.S. 548, 554, 117 S.Ct. 1535, 137 L.Ed.2d 800 (1997) (stating that where an “inquiry is a mixed question of law and fact ... it often will be inappropriate to take the question from the jury”) (internal citations omitted); United States v. Gaudin, 515 U.S. 506, 511-16, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (stating that the determination of whether a statement is “material” is ultimately a legal question, based on several underlying questions of “purely historical fact,” which “has typically been resolved by juries” and “[j]uries at the time of the framing could not be forced to produce mere ‘factual findings,’ but were entitled to deliver a general verdict *1248 pronouncing the defendant’s guilt or innocence”); McDermott Int’l, Inc. v. Wilander, 498 U.S. 337, 356, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991) (holding that the mixed law and fact question of who is a “seaman” under the Jones Act is a question for the jury, which “finds the facts and ... applies the legal standard”); White v. Jeffrey Mining Mach. Co., 723 F.2d 1553, 1558 (Fed.Cir.1983) (“Jeffrey argues that the judge improperly submitted this question of law to the jury and adopted its conclusion as his own, without the benefit of underlying findings of fact. The argument is without merit. Submission of such a question of law to a jury, accompanied by appropriate instructions, is proper.” (citing Connell, 722 F.2d at 1542)).
While, “the judge must remain the ultimate arbiter on the question of obviousness,” this role is properly exercised on “giving proper instructions on the law to the jury before it considers its verdict” and again “when presented with a motion for JNOV or new trial.” R.R. Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1515 (Fed.Cir.1984). To facilitate review and reveal more clearly the jury’s underlying factual findings, this Court has encouraged trial court judges to provide juries with special interrogatories on obviousness. Agrizap, Inc. v. Woodstream Corp., 520 F.3d 1337, 1343 n. 3 (Fed.Cir.2008); Richardson-Vicks, Inc. v. Upjohn Co., 122 F.3d 1476, 1484-85 (Fed.Cir.1997); Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 893 (Fed.Cir.1984). However, we set forth no hard and fast rule, and “it must be left to the sound discretion of the trial court what form of verdict to request of a jury.” Structural Rubber Prods. Co. v. Park Rubber Co., 749 F.2d 707 (Fed.Cir. 1984).
Absent any special interrogatories, we must presume the “existence of findings necessary to support the verdict the jury reached.” Perkin-Elmer, 732 F.2d at 893. Our review of a general verdict on obviousness thus entails two steps. “We first presume that the jury resolved the underlying factual disputes in favor of the verdict winner and leave those presumed findings undisturbed if they are supported by substantial evidence. Then we examine the legal conclusion de novo to see whether it is correct in light of the presumed jury fact findings.” Jurgens v. McKasy, 927 F.2d 1552, 1557 (Fed.Cir.1991) (internal citations omitted); see also Boston Scientific Scimed, Inc. v. Cordis Corp., 554 F.3d 982 (Fed.Cir.2009); Agrizap, 520 F.3d 1337; PharmaStem Therapeutics, Inc. v. ViaCell, Inc., 491 F.3d 1342 (Fed.Cir.2007).
Because there is no way to determine from a general verdict on obviousness the specific findings of fact made by a jury on the factual questions underlying its verdict, the court in examining the first part of the obviousness question is left to infer whether substantial evidence existed from which the jury could have made the factual findings necessary to support the verdict. Here, the majority examined the record and after considering the factual inferences concluded that support was lacking and that the claims at issue would have been obvious as a matter of law. With both the analysis and the conclusion, I fully agree.